# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EMILIO MARTINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:08-CV-308-TS |
| ) | |
| WESTERN & SOUTHERN ) | |
| FINANCIAL GROUP, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [DE 11] and Memorandum in Support [DE 12], filed on August 6, 2008. On September 18, the Plaintiff filed a Memorandum in Response [DE 18]. On September 26, the Defendant filed its Reply [DE 20].

## BACKGROUND

According to the Amended Complaint, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 12, 2007, and on March 18, 2008, the EEOC issued a right to sue letter. On June 6, 2008, the Plaintiff filed his two-count Complaint in St. Joseph Superior Court, alleging defamation and discrimination/retaliation in violation of Title VII. On June 16, the Plaintiff filed an Amended Complaint.

On June 24, the Defendant removed this case. The Notice of Removal premises this Court's subject matter jurisdiction on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and asserts that removal is proper under 28 U.S.C. § 1441(b). The Notice asserts that the amount in controversy exceeds $75,000, exclusive of costs and interest, but does not allege facts related to the citizenship

of the parties.¹ On August 6, the Defendant filed an Answer to Plaintiff's Amended Complaint, to which it attached 13 exhibits. Neither the Complaint, nor the Amended Complaint, nor the Defendant's Answer to Plaintiff's Amended Complaint alleges jurisdictional facts related to the citizenship of the parties.

On August 6, the Defendant also filed its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). The Defendant also filed a Memorandum in Support. On September 12, the Plaintiff filed his Memorandum in Response. Also on September 12, the Plaintiff filed a Motion for Leave to File Second Amended Complaint, which the Defendant did not oppose. On September 26, the Defendant filed a Reply in Support of its Motion to Dismiss or Motion for Judgment on the Pleadings. On October 7, Judge Nuechterlein granted the Plaintiff's Motion for Leave to File Second Amended Complaint, and the Plaintiff's Second Amended Complaint was deemed filed as of October 7.

**DISCUSSION**

As an initial matter, the Court's subject matter jurisdiction will be an issue for the parties and the Court to address. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (observing that federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute"). Based upon the Amended Complaint and the Notice of Removal, it appears that the Court has federal question jurisdiction over the Plaintiff's Title VII claim, which arises under the laws of the United States. However, as to the defamation claim, the

---

¹ The Civil Cover Sheet identifies federal question jurisdiction as the basis of jurisdiction and references 28 U.S.C. § 1332, defamation, and Title VII discrimination for the cause of action.

submissions of the parties leave some questions regarding the Court's subject matter jurisdiction (whether diversity of citizenship under 28 U.S.C. § 1332 or supplemental jurisdiction under 28 U.S.C. § 1367(a)).

As to the pending Motions, the Defendant asks the Court to dismiss the Plaintiff's Amended Complaint.[2] The Defendant cites a number of grounds: the Plaintiff's lawsuit is untimely pursuant to a provision in the employment contract; the Plaintiff's retaliation claim fails to plead that the Plaintiff was engaged in statutorily protected activity for which the Defendant retaliated; the Plaintiff's retaliation claim is barred by the employment contract; and the Plaintiff's defamation claim fails to specifically plead the alleged defamatory statements. In supporting the pending Motions, the Defendant relies upon several of the thirteen exhibits it appended to its Answer, and in its Reply brief, the Defendant presents and relies upon the Affidavit of Brenda Baker. Likewise, the Plaintiff in opposing the pending Motions presents matters outside the pleadings. Thus, Federal Rule of Civil Procedure 12(d) requires that the Court treat the Motion to Dismiss and alternative Motion for Judgment on the Pleadings as a summary judgment motion under Rule 56 (unless the Court excludes the matters outside the pleadings), and that the parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

However, the Court need not reach the merits of the pending Motions or convert them into a summary judgment motion because the Motions have been rendered moot by the Plaintiff's Second Amended Complaint. In seeking leave to file his Second Amended Complaint, the Plaintiff apparently attempted to remedy some of the alleged deficiencies related to his retaliation and defamation claims. Furthermore, the Second Amended Complaint, which was filed on October 7 while the parties were still briefing the pending Motions and after the Court granted the Plaintiff's

---

[2] As noted in the Background section, the Defendant filed its Motion to Dismiss and alternative Motion for Judgment on the Pleadings before the Plaintiff's Second Amended Complaint was filed.

3

unopposed request for leave to file it, now includes additional allegations related to the retaliation and defamation claims.[3] The Second Amended Complaint governs this suit. *See Wellness Community-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (holding that court's jurisdiction inquiry had to be based on amended complaint only because "it is well established that the amended pleading supersedes the original pleading"); *see also Flannery v. Recording Industry Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (noting that "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void"). As a consequence, the Defendant's Motion to Dismiss and alternative Motion for Judgment on the Pleadings related to the now void Amended Complaint have been rendered moot and will be denied as such.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [DE 11] is DENIED AS MOOT. The Defendant shall have up to and including November 10, 2008, to file a responsive pleading or motion pursuant to Federal Rule of Civil Procedure 12 as to the Plaintiff's Second Amended Complaint.

SO ORDERED on October 28, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[3] Additionally, because the Defendant has not answered the Plaintiff's Second Amended Complaint, the pleadings have not closed, and the Motion for Judgment on the Pleadings is premature. Fed. R. Civ. P. 12(c).