# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| EMILIO MARTINO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:08-CV-308-TS |
| WESTERN & SOUTHERN FINANCIAL GROUP, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [DE 27]. This Motion is now fully briefed by the parties and ripe for ruling.

## BACKGROUND

From the materials filed in this case, it appears that the Plaintiff filed an initial charge of discrimination based on religion and national origin on April 12, 2007, and a second charge of discrimination based on retaliation on November 2, 2007. On March 18, 2008, the Equal Employment Opportunity Commission issued two separate notices and right to sue letters.

On June 6, 2008, the Plaintiff filed a two-count Complaint [DE 1] in St. Joseph Superior Court, alleging defamation and discrimination/retaliation in violation of Title VII. On June 16, the Plaintiff filed an Amended Complaint [DE 2].

On June 24, the Defendant removed this case. The Notice of Removal [DE 3] premises this Court's subject-matter jurisdiction on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and asserts that removal is proper under 28 U.S.C. § 1441(b). The Notice also asserts that

the amount in controversy exceeds $75,000, exclusive of costs and interest, but does not allege facts related to the citizenship of the parties.[1]

On August 6, the Defendant filed an Answer [DE 10] to Plaintiff's Amended Complaint, and it attached to its Answer thirteen exhibits. On August 6, the Defendant also filed its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [DE 11], and a Memorandum in Support [DE 12]. On September 12, the Plaintiff filed a Memorandum in Response [DE 18] and a Motion for Leave to File Second Amended Complaint [DE 17], which the Defendant did not oppose. On September 26, the Defendant filed a Reply in Support of its Motion to Dismiss or Motion for Judgment on the Pleadings [DE 20]. On October 7, Judge Nuechterlein granted the Plaintiff's Motion for Leave to File Second Amended Complaint, and the Plaintiff's Second Amended Complaint was deemed filed as of October 7. The Second Amended Complaint alleges defamation in Count 1 and violation of Title VII (on the bases of religion and national origin discrimination and retaliation) in Count 2. On October 28, the Court denied as moot the Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) based upon the filing of the Plaintiff's Second Amended Complaint.

On November 10, the Defendant filed an Answer [DE 26] to the Plaintiff's Second Amended Complaint, to which it again attached thirteen exhibits. On November 10, the Defendant also filed a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P.

---

[1] The Civil Cover Sheet identifies federal question jurisdiction as the basis of jurisdiction and references 28 U.S.C. § 1332, defamation, and Title VII discrimination as the cause of action.

12(c) [DE 27], and a Memorandum of Law in Support [DE 28], to which it attached eight exhibits. On November 25, the Plaintiff filed a Jurisdiction Statement [DE 29], stating facts related to the citizenship of the parties and the amount in controversy, and a Memorandum in Response [DE 30], to which he attached an Affidavit of Emilio Martino and nine exhibits. On December 5, the Defendant filed its Reply [DE 31].

## DISCUSSION

### A. The Applicable Standard

The Defendant has asked the Court to dismiss the Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or to enter judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The exhibits the Defendant has attached to its Memorandum of Law in support of its Motion are not evidentiary materials, but rather copies of judicial opinions that have addressed contract provisions like the provisions relied upon by the Defendant to defend against the Plaintiff's claims. However, the Defendant does rely upon the Sales Representative's Agreement that the Plaintiff and the Defendant executed in September 2006. The Defendant had attached this Agreement to its Answer as Exhibit A. The Plaintiff neither referenced this Agreement in his Second Amended Complaint nor attached it as an exhibit to his Second Amended Complaint. Nevertheless, in his Memorandum in Response, the Plaintiff, relying upon his Affidavit, states that, after he had started working, "he was asked to sign a number of documents, including a Sales Representative Agreement and insurance forms." (Pl.'s Mem. in Resp. 2 (citing Martino Aff. ¶ 13).) Citing his Affidavit, he also argues that he was not told he had to sign the Agreement in order to continue his employment, that he was not

3

offered anything additional in exchange for signing the documents, that he was not given an opportunity to negotiate the terms of the documents, and that he was simply told to fill out and sign the documents, which he did.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. To state a claim under the federal notice pleading standards, all that a complaint must do is set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (other citation omitted). However, complaints must provide more than labels and conclusions, formulaic recitations of the elements of causes of action, and facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. Thus, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). When ruling on Rule 12(b)(6) motions to dismiss, courts accept as true all well-pleaded allegations, view complaints in the light most favorable to the plaintiffs, and draw all reasonable inferences in their favor. *Id.* at 1081.

In ruling on Rule 12(b)(6) motions to dismiss, courts generally must confine their inquiry to the factual allegations set forth within the operative complaints. *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002). Thus, when parties seeking dismissal under Rule 12(b)(6) submit documents with their motions to dismiss, courts either must ignore the

documents or convert motions to ones for summary judgment. Fed. R. Civ. P. 12(b); *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). In the Seventh Circuit, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings," and may be considered on a motion to dismiss, "if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc.*, 987 F.2d at 431. Documents that fall within this "narrow" exception must be "concededly authentic." *Tierney,* 304 F.3d at 738. Under the exception, the Seventh Circuit has, on several occasions, affirmed the district court's consideration of extraneous materials not attached to a complaint where a claim arises from a contract or other written agreement between the parties. *See Venture Assoc.,* 987 F.2d at 431–32; *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1248 (7th Cir. 1994).

Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* Fed. R. Civ. P. 12(c). The same standard that applies when reviewing motions to dismiss for failure to state a claim under Rule 12(b)(6) applies when reviewing Rule 12(c) motions. *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

In its October 28, 2008, Opinion and Order, the Court indicated that the Plaintiff in opposing the Defendant's first Motion to Dismiss (as with the Defendant's second Motion to Dismiss that is currently before the Court) presented matters outside the pleadings. In that Opinion and Order, the Court observed that Federal Rule of Civil Procedure 12(d) would require the Court to treat the first Motion to Dismiss and alternative Motion for Judgment on the

Pleadings as a summary judgment motion under Rule 56 (unless the Court excluded the matters outside the pleadings) and give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court ultimately denied as moot the Defendant's first Motion to Dismiss because the Plaintiff had subsequently filed a Second Amended Complaint that superseded the Plaintiff's Amended Complaint.

As to the Defendant's pending Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), the Plaintiff and the Defendant have directed the Court's attention to matters outside the Second Amended Complaint, including the Sales Representative Agreement, the Affidavit of Emilio Martino, and exhibits attached to the Affidavit. Considering the stage of this litigation and the contract-related ground for dismissal put forward by the Defendant, the Court will exclude the matters outside the pleadings presented by the parties and limit its consideration to those matters within the four corners of the Plaintiff's Second Amended Complaint. Additionally, because the pleadings closed with the Defendant's filing of its Answer, the Court will address the Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c).

**B.**     **The Six-Month Contract Term**

Because review of this ground for dismissal would require the Court to review materials outside the Plaintiff's Second Amended Complaint, the Court does not address this aspect of the Defendant's Motion and thus does not reach the Defendant's claim that the Sales Representative Agreement includes terms that bar the Plaintiff's claims in this case.

### C. The Plaintiff's Retaliation Claim

The Defendant's Motion does not attack the entirety of the Plaintiff's Title VII claim, only the retaliation portion of his claim. The Defendant argues that the Plaintiff fails to plead that he was engaged in a statutorily protected activity for which the Defendant retaliated against him. More specifically, the Defendant contends that the Plaintiff's refusal to quit his job as a pastor is not statutorily protected activity. Additionally, the Defendant urges that its report to the Indiana Department of Insurance occurred before he filed his charge of discrimination and thus that the Plaintiff's filing of his charge cannot be the protected activity that caused the alleged retaliatory act of filing the report. The Plaintiff responds that he engaged in protected activity when he opposed the Defendant's unlawful employment practice of failing to accommodate his status as a pastor and that post-termination retaliation is a viable claim under Title VII.

Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees" because the employee "has opposed any practice made an unlawful employment practice" under Title VII (such as discrimination on the basis of race, color, religion, sex, or national origin), or "because he has made a charge" of discrimination or testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). An employee can establish a Title VII retaliation claim under either the direct method or the indirect method, but each method requires the employee to prove that he engaged in statutorily protected activity. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 850 (7th Cir. 2008). Statutorily protected activity usually consists of opposing or complaining about an act of the employer that is believed to violate Title VII, and thus when an employee opposes a practice, the employee must show that he reasonably believed in good faith

that the practice he opposed violated Title VII. *Tate v. Executive Mgmt. Servs., Inc.*, 546 F.3d 528, 532 (7th Cir. 2008). Under Seventh Circuit precedent, complaints "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *Concentra Health Servs., Inc.*, 496 F.3d at 781. To survive a motion to dismiss, the complaint must put the defendant on notice of the plaintiff's allegations by specifying the plaintiff's protected conduct because "an allegation of retaliation for some unspecified act does not narrow the realm of possibility" for the defendant. *Id.* at 782; *see also Higgs v. Carter,* 286 F.3d 437, 439 (7th Cir. 2002) ("Had [the plaintiff] merely alleged that the defendants had retaliated against him for filing a suit, without identifying the suit or the act or acts claimed to have constituted retaliation, the complaint would be insufficient . . . ."). Additionally, because the primary purpose of the anti-retaliation provisions are "[m]aintaining unfettered access to statutory remedial mechanisms," post-termination retaliation is actionable under Title VII. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (involving post-termination negative reference to prospective employer in retaliation for former employee's filing of EEOC charge); *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 885 (7th Cir. 1996). Under Seventh Circuit precedent, retaliation claims "often take a more generous view of what events constitute actionable claims," *Volovsek v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 344 F.3d 680, 688 n.5 (7th Cir. 2003), and a "plaintiff whose underlying discrimination claim fails may still prevail on a claim that she was retaliated against for complaining about discrimination, " *Place v. Abbott Labs.*, 215 F.3d 803, 806 (7th Cir. 2000).

In his Second Amended Complaint, the Plaintiff has alleged the following facts. He was a pastor of a Christian church, and his employer directed him to terminate his pastoral position.

8

The Plaintiff's "immediate supervisor, Andrew Sobol, intervened in an attempt to have this directive reversed," (Pl.'s Second Am. Compl. ¶ 4), although the Second Amended Complaint does not provide details regarding how the Plaintiff's immediate supervisor became involved in the issue (whether based upon complaints or opposition from the Plaintiff or otherwise). The Plaintiff then indicated to the Defendant he was not going to resign as a pastor, and he inquired about his employment status and whether he was being terminated due to his decision to remain a pastor. The Defendant had a practice of allowing and did permit other employees to have positions outside of the Defendant's employment. The Defendant retaliated against the Plaintiff by looking for a reason to terminate him when he indicated that he would not quit as a pastor, and he was then notified that his employment was being terminated due to his being ineligible to work in the United States of America on the pretext that he could not locate his Social Security card (even though he knew the number). The Defendant, in retaliation for his refusal to terminate his pastor position, filed a complaint with the Indiana Department of Insurance, falsely accusing him of "having issues with his license, and causing the Indiana Department to commence an investigation under Enforcement Case No. 3866." (Pl.'s Second Am. Compl. ¶ 8.)

Viewing the facts in the Second Amended Complaint in the light most favorable to the Plaintiff, as the Court must, the Court will deny the Defendant's Motion for Judgment on the Pleadings as to the Plaintiff's Title VII retaliation claim. Although the Plaintiff's retaliation allegations are not neatly distinguished from his allegations of religion and national origin discrimination (even though they form distinct claims), the Plaintiff has alleged that his employment was terminated because he refused to terminate his position as a Christian church pastor, that the Plaintiff had asked to be able to continue in his work as a pastor and as an

9

employee, that his immediate supervisor was brought into the situation and intervened on his behalf to secure something of an accommodation, that other employees were accommodated in their outside work, that the Defendant retaliated against him by refusing to permit him to continue to be a pastor and an employee, and that after his termination the Defendant retaliated against his refusal to terminate his position as pastor by filing a report with the Indiana Department of Insurance.[2] The Plaintiff's conduct could thus be characterized as opposing an unlawful employment practice under Title VII. Accordingly, the Second Amended Complaint has adequately put the Defendant on notice of the Plaintiff's allegedly protected conduct, thereby narrowing the realm of possibility for the Defendant, and it does not appear beyond doubt that the Plaintiff cannot prove any facts that would support his claim for relief on his Title VII retaliation claim. *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

**D.     The Plaintiff's Defamation Claim**

The Defendant argues that the Plaintiff's defamation claim should be dismissed because he fails to allege that the contents of its letter to the Indiana Department of Insurance were false. The Defendant draws the Court's attention to a list of federal district court opinions (three from the Northern District of Illinois and two from the Southern District of Indiana) requiring that defamation be pled with specificity, but the Defendant also recognizes that other federal districts in the Seventh Circuit have disagreed. The Plaintiff responds that the Defendant was not required

---

[2] The Second Amended Complaint is clear that the Plaintiff's employment was terminated and the letter to the Indiana Department of Insurance was sent before he filed either of his charges of discrimination, and thus his actual filing of the charges and any of his participation in any related investigation were not statutorily protected activities providing a basis for a retaliation claim.

to notify the Indiana Department of Insurance of its termination of his employment and that the implication of its letter, to which the Defendant attached its termination letter to the Plaintiff which indicated that his employment was terminated because he had not provided documentation for employment eligibility, is that revocation of the Plaintiff's license may be justified under Indiana Code § 27-1-15.6-12. Indiana Code § 27-1-15.6-12 permits the insurance commissioner to discipline an insurance producer and even to revoke an insurance producer's license for a number of reasons, including, among others, providing incorrect, misleading, incomplete, or materially untrue information in a license application; violating an insurance law, regulation, or an insurance commissioner's subpoena or order; obtaining or attempting to obtain a license through misrepresentation or fraud; being convicted of a felony; and using fraudulent, coercive, or dishonest practices. The Plaintiff contends that he had not violated any of the statutory provisions, that the Defendant in sending this letter was acting with malice, and that as a consequence the Indiana agency initiated an investigation. Citing *McQueen v. Fayette County School Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), he adds that Indiana recognizes that defamation can exist by implication or imputation.

The Court agrees with the conclusion and the reasoning of Judge Rudy Lozano in *Cain v. Elgin, Joliet & Eastern Ry. Co.*, No. 2:04-CV-347, 2005 WL 1172722 (N.D. Ind. May 3, 2005), and finds that a heightened pleading standard should not be imposed on the Plaintiff's defamation claim. *Id.* at *3–5 (discussing cases). Furthermore, as Judge Lozano noted, the elements of a defamation claim under Indiana law are as follows: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Id.* at *2.

In this case, the defamation claim alleged in the Second Amended Complaint gave the

Defendant sufficient notice of the alleged statement and permits it to form a response. The Court agrees with the Plaintiff that Indiana law recognizes defamatory imputation or implication. As the Indiana Court of Appeals has stated,

> With respect to "defamatory imputation," some communications are reasonably susceptible to either a defamatory or a nondefamatory interpretation. Words not actionable in themselves may become actionable by their allusion to some extrinsic fact, or by being used and understood in a different sense from their natural meaning. Such words are deemed actionable *per quod*, and they acquire a defamatory meaning when placed in context or are connected with extrinsic facts or circumstances.

*McQueen*, 711 N.E.2d at 65 (citing *Hays v. Mitchell*, 7 Blackf. 117 (1844), *Rambo v. Cohen*, 587 N.E.2d 140, 154 (Ind. Ct. App. 1992), and *Jacobs v. City of Columbus*, 454 N.E.2d 1253, 1264 (Ind. Ct. App. 1983)). The Second Amended Complaint points directly to the Defendant's letter to the Indiana Department of Insurance (including the Defendant's termination letter to the Plaintiff), quotes the relevant language, and alleges that the letter implicated the Plaintiff as having violated Indiana Code § 27-1-15.6-12 (even though he had not violated the statute). It also cites the applicable provisions of the Indiana Code, notes the administrative process that was initiated as a consequence, asserts that the report was made to damage the Plaintiff's ability to earn a living as an insurance agent and that the Plaintiff suffered embarrassment, humiliation, and damage to his reputation, and alleges that the Defendant made its report with actual malice. Additionally, the Plaintiff attached to its Second Amended Complaint the Defendant's termination letter to the Plaintiff, the Defendant's letter to the Indiana Department of Insurance, and the agency's letter to the Plaintiff indicating its initiation of the complaint process. Thus, the Second Amended Complaint adequately specifies when, where, and to whom the allegedly defamatory statement was made and sufficiently indicates the context, and the Court finds that

the Plaintiff in his Second Amended Complaint has stated a claim for defamation that is plausible on its face. For these reasons, the Court will deny the Defendant's Motion for Judgment on the Pleadings as to the Plaintiff's defamation claim.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [DE 27] is DENIED.

SO ORDERED on October 22, 2009.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION